(Decided January 8th, 1896.)

## THOMAS C. CHAPPELL vs. DAVID STEWART.

*Injunctions—Torts to the Person.*

No injunction will be granted to restrain the commission of a tort to the person.

A bill alleged that defendant had employed detectives to watch the plaintiff, thereby causing annoyance and damage to him, and asked for an injunction to restrain the alleged conduct of the defendant. *Held,* that equity had no jurisdiction to issue an injunction in the premises.

Appeal from a decree of the Circuit Court of Baltimore City (WRIGHT, J.), sustaining a demurrer to the bill of complaint in this case and dismissing the same.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, BRISCOE and ROBERTS, JJ.

*Thomas C. Chappell, in propria persona,* submitted the case on brief for the appellant.

*Redmond C. Stewart* (with whom was *David Stewart* on the brief), for the appellee.

BRYAN, J., delivered the opinion of the Court.

Thomas C. Chappell filed a bill in equity against David Stewart. Without entering minutely into the details of the bill of complaint, it may be stated that he charged that the defendant had employed detectives to follow him and watch him wherever he should go ; and that this conduct caused him great inconvenience and annoyance, interfered with his social intercourse and his business ; and caused grave suspicions to be entertained about him, so as greatly to damage his financial credit. It is also alleged that the defendant intended to continue the same course of conduct towards the complainant. The bill prayed for an injunction to restrain and prohibit the defendant from the aforesaid conduct; and for a decree for damages ; and for general relief. He also filed a special motion for a preliminary injunction. The defendant filed a demurrer and answer combined together. It was maintained that the bill of complaint did not entitle the complainant to any relief in equity, because it did not set forth any legal or equitable right which the defendant was injuring ; because it did not set forth any danger of irreparable damage, and for other reasons. And the answer denied the charges of the bill. The Court refused to grant the preliminary injunction. The defendant, by leave of the Court, amended his pleading by changing its form so as to make it simply an answer and nothing more. Afterwards the Court passed an order sustaining the demurrer and dismissing the bill with costs.

The Court acted inadvertently in passing an order on the demurrer, when, in consequence of an amendment of the defendant's pleading, there was no longer a demurrer in the case. We shall see whether this oversight inflicted any

injury on the plaintiff. As the answer denied the allega-
tions of the bill, and the motion for a preliminary injunc-
tion was heard on bill and answer, it was of necessity that
the motion should be denied. And as the bill, assuming
that all its allegations were true, did not contain any matter
cognizable in equity, it ought then and there to have been
dismissed. Courts of Equity exercise a very extensive
jurisdiction in cases involving property rights. The occa-
sion does not require us to state its precise limits. It is
usually said in general terms that it does not exist where a
plain, adequate and complete remedy can be obtained at
law. In this case it is alleged that rights affecting the com-
plainant's person have been violated, and that there is a pur-
pose to persist in violating them. The ordinary processes of
the law are fully competent to redress all injuries of this char-
acter. They have always been considered beyond the scope
of the powers of a Court of Equity. In *Gee* v. *Pritchard*,
2 Swanston, 440, LORD ELDON said: "The question will
be whether the bill has stated facts of which the Court can
take notice, as a case of civil property, which it is bound
to protect." In *Bispham's Equity* (fifth edition), 584, note
2, it is said: "But it is the rights of property, or rather
rights in property, that equity interferes to protect; a party
is not entitled to a writ of injunction for a matter affecting
his person." In *Kerr on Injunctions*, pages 1 and 2, it is
said: "A Court of Equity is conversant only with ques-
tions of property and the maintenance of civil rights. In-
jury to property, whether actual or prospective, is the foun-
dation on which its jurisdiction rests. A Court of Equity
has no jurisdiction in matters merely criminal or merely
immoral, which do not affect any right to property. If a
charge be of a criminal nature, or an offence against the
public peace, and does not touch the enjoyment of prop-
erty, jurisdiction cannot be entertained. The Court has no
jurisdiction to restrain or prevent crime, or to enforce the
performance of a moral duty, except so far as the same is
concerned with rights to property; nor can it interfere on

the ground of any criminal offence committed, or for the purpose of giving a better remedy in the case of a criminal offence, or for putting a stop to acts, which, if permitted, would lead to a breach of the public peace." We, of course, do not intend to express an opinion on the merits of any action at law which the complainant may see fit to bring.

*Decree affirmed with costs.*

(Decided January 8th, 1896.)